IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALLEN W. POTTER                                                    PLAINTIFF

v.                              Case No. 2:15-CV-02260

CASSAUNDRA HOLMES                                          DEFENDANT

## OPINION AND ORDER

Currently before the Court are Plaintiff Allen Potter's motion to compel (Doc. 19), Potter's motion to disqualify counsel (Doc. 20), Defendant Cassaundra Holmes's motion for protective order (Doc. 25), Holmes's motion to exclude (Doc. 29), Holmes's motion to compel (Doc. 34), and the parties' responses and supporting documents. The Court will address each of the motions in turn.

## I.    Plaintiff's Motion to Compel

Potter's motion[1] seeks "all information regarding the funds spent by [Holmes] individually and as Trustee for the Trust" to any attorney in representing the trust or Holmes, "including an itemization of the total billing, payments and source of payments…" (Doc. 19, ¶ 7). Holmes does not object to producing information about the amount of compensation paid, but does object on the grounds that "Plaintiff's counsel requested copies of all attorney fee statements, asked questions about legal services provided, and asked the Trustee what advice she had received from her attorney." (Doc. 21, ¶ 2). Holmes considers this particular information to be subject to attorney-client privilege and work-product protection. (*Id.*, ¶ 3). Potter contends that this

---

[1] Local Rule 7.2(a) requires that motions "be accompanied by a brief consisting of a concise statement of relevant facts and applicable law." Although Potter failed to comply with this Rule when filing his motion to compel (Doc. 19) and his motion to disqualify counsel (Doc. 20), the Court will nonetheless consider these motions.

information is not privileged because beneficiaries, including Potter, are entitled to such information, and because Holmes has filed a counterclaim for damages based on the intentional tort of improper interference with her contract with a third person.  (Doc. 19, ¶¶ 4-5).

Potter is not entitled to detailed invoices because such a request is not reasonable, but is instead disproportionate to the needs of the case.  Fed. R. Civ. Pro. 26(b)(1).  As a beneficiary, however, he is entitled to general billing information so that he can remain reasonably informed about the administration of the trust.  The Court makes this determination based on a beneficiary's reasonable entitlement to records, and need not address the privilege claims made by Holmes.[2]  A trust beneficiary "is always entitled to such information as is reasonably necessary to enable him to enforce his rights under the trust or to prevent or redress a breach of trust."  *Salem v. Lane Processing Trust*, 37 S.W.3d 664, 666–67 (Ark. App. 2001) (quoting the Restatement (Second) of Trusts, § 173 cmt. c (1959)).  However, "Arkansas law presumes a trustee has acted in good faith and places the burden of proof upon those who question his actions and seek to establish a breach of trust."  *Salem*, 37 S.W.3d at 667 (citing *Gregory v. Moose,* 590 S.W.2d 665 (Ark. App. 1979)).  Thus, a beneficiary should be reasonably informed as to what the trustee is paying an attorney, but absent an articulated need, access to unlimited billing information is not reasonable.  *See Bell v. Bank of Am., N.A.*, 422 S.W.3d 138, 142 (Ark. App. 2012) ("Because the [beneficiaries] were reasonably informed as to what the [trustee] was paying [the attorney], we cannot say that the

---

[2] With respect to the privilege issue, the Court notes that the law is unsettled in Arkansas regarding a beneficiary's right to discovery of records when a trustee claims attorney-client privilege.  As trustee, Holmes has a duty to keep Potter reasonably informed about the administration of the trust, but "[t]he drafters of this Code decided to leave open for further consideration by the courts the extent to which a trustee may claim attorney-client privilege against a beneficiary seeking discovery of attorney-client communications between the trustee and the trustee's attorney.  The courts are split because of the important values that are in tension on this question."  Ark. Code Ann. §28-73-813 cmt.

circuit court clearly erred in denying the [beneficiaries'] access to the detailed billing invoices."); *Salem*, 37 S.W.3d at 666 (affirming the denial of a beneficiary's request for unlimited access to trust records, where the chancellor found the request to be unreasonable and "noted the [other beneficiaries'] history of vexatious lawsuits… against [the trustees] and said that she assumed that [the plaintiff beneficiary] might be acting in concert with them.").

Holmes has not objected to producing the total amount spent from trust assets for attorney's fees.  Holmes must produce the total amounts billed by and paid to any attorney representing her as trustee or individually as it relates to this lawsuit and the related state court action.  Holmes must also produce the source of payments made.  However, it is not reasonable for Holmes to produce detailed billing statements because Potter has not articulated an adequate need for these comprehensive records, and such production is therefore disproportionate to the needs of the lawsuit.  Potter's motion to compel will be granted in part.

## II.     Plaintiff's Motion to Disqualify Counsel

A party seeking to disqualify opposing counsel bears a heavy burden.  Motions to disqualify counsel are subject to particularly strict judicial scrutiny given the potential for abuse by opposing counsel.  *Droste v. Julien,* 477 F.3d 1030, 1035 (8th Cir. 2007).  "A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary."  *Macheca Transp. Co. v. Philadelphia Indem. Co*., 463 F.3d 827, 833 (8th Cir. 2006) (internal quotation and citations omitted).  Given its duty to subject these motions to particularly strict scrutiny, the Court finds Potter's argument to be insufficient, especially in light of Potter's failure to include a brief in support of the just-over-one-page motion.

In his motion, Potter states that Jack Skinner, one of the attorneys for Holmes in this matter,

is a necessary witness because "he can testify as to the advice that he gave to Cassaundra Holmes in her capacity as Trustee." (Doc. 20, ¶3). Potter does not otherwise support this assertion in any way. Arkansas Rule of Professional Conduct 3.7 states that a "lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness" but if disqualification would cause a substantial hardship on the client, then the Rule does not apply. Holmes argues in her response— and the Court agrees—that there would be a substantial hardship if Skinner were disqualified because he has represented the Defendant in her actions as Trustee since 2013, when the state court case of *Fredrick R. Potter v. Cassaundra Holmes v. Thomas Wright and Kevin Wright*, 64 CV-2013-54 (II), was filed in Scott County Circuit Court. (Doc. 22, ¶ 7). That case, in which the court similarly denied a motion to disqualify Skinner, involves many of the same facts as are presented here.

Potter additionally argues that there is a conflict of interest because Skinner represents Holmes both in her individual capacity and in her capacity as Trustee. Holmes is being sued in both capacities, and Potter has not produced any authority in support of the argument that this alone creates a conflict of interest.[3] The Court will deny this motion.

## III.   Defendant's Motion for Protective Order

Holmes's motion for protective order (Doc. 25) asks the Court to "enter a protective order

---

[3] In Potter's motion to disqualify Skinner in the state court action, he also raised a conflict of interest argument, but as an additional basis alleged that Skinner also represented two beneficiaries of the trust at issue. *Fredrick R. Potter v. Cassaundra Holmes v. Thomas Wright and Kevin Wright*, 64 CV-2013-54 (II), Motion to Disqualify Attorney Jack Skinner (July 10, 2014), accessed on October 11, 2016.
https://caseinfo.aoc.arkansas.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames? backto=P&case_id=64CV-13-54&begin_date=&end_date=. There, as here, the brief filed by Potter in support of his motion contained no authority in support of his positions, except for quoting the Arkansas Rules of Professional Conduct on an issue not raised in the motion in this case. *Id.*, Brief in Support of Motion to Disqualify Attorney Jack Skinner, pp. 5-9, (July 10, 2014).

to preserve her attorney-client privilege, and the work-product of her attorneys, whether it be in the form of conversations with her attorneys, other attorney-client communications, or in her billing statements which she receives from her attorneys."  Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way."  "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"  *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, Federal Practice and Procedure: Civil § 2035 at 264-65).

The Court does not believe that good cause has been shown as to why a protective order should be entered to preserve attorney-client privilege and work-product immunity.  The Court has decided in this order to appropriately limit discovery on billing statements to total billing, payments, and source of payments.  Any outstanding discovery disputes which may invoke the attorney-client privilege and work-product immunity have not been presented to the Court and the deadline for doing so has passed.[4]  This motion will be denied.

## IV.    Defendant's Motion to Exclude

Holmes's motion to exclude claims that James R. Filyaw has been identified as an expert

---

[4] This motion was filed on September 2, 2016.  The final scheduling order explicitly states, "[a]ll discovery must be completed no later than August 8, 2016. The parties may conduct discovery beyond this date if all parties are in agreement to do so; however, the Court will not resolve any disputes in the course of this extended discovery. All discovery requests and motions must be filed sufficiently in advance of that date…"  (Doc. 25, ¶ 2).  While this discovery motion was filed after the deadline set in the final scheduling order, the Court nonetheless consider its.

witness by Potter, with the intent that Filyaw give "his legal opinions and conclusions about whether the Defendant's acts and actions violated Arkansas law regarding trusts and trustees." (Doc. 29, ¶ 1).  Holmes asks the Court to exclude all of Filyaw's testimony because his "expert legal conclusions would usurp the jury's role as the trier of fact…"  (*Id*., ¶ 2).  Experts may not offer legal conclusions in the guise of opinions.  *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003).  However, the Court will not exclude Filyaw from testifying simply because Holmes anticipates the expert witness will offer legal conclusions. In the event Filyaw's testimony directs the jury to legal conclusions regarding the issues in this case, Holmes may object to such testimony at trial.

## V.      Defendant's Motion to Compel

Holmes's motion to compel[5] asks the Court to order Plaintiff to produce documents responsive to Defendant's Request for Production of Documents No. 6 and No. 7, which seek "all e-mails, letters, correspondence, and materials" between Allen Potter and Fredrick R. Potter sent from January 3, 2013 to the present.  (Doc. 34-1, p. 2).  Potter asserts that this correspondence is irrelevant, will not lead to any admissible evidence, and contains privileged work-product.  (*Id*.). The Court disagrees, and finds this correspondence to be relevant to the issues presented in Holmes's counterclaim.

Additionally, Potter's counsel has not met its burden in proving that work-product protection is applicable.  In a diversity case, federal courts apply federal law to work-product claims.  *See Baker v. Gen. Motors Corp*., 209 F.3d 1051, 1053 (8th Cir. 2000).  Documents produced  by  non-attorneys in anticipation of litigation may  be  shielded  from  production  by

---

[5] Although this discovery motion was also filed after the deadline listed in the final scheduling order, as with the motion for protective order, the Court will consider it.

the work-product privilege. *See, e.g., Diversified Indus., Inc., v. Meredith,* 572 F.2d 596, 604 (8th Cir.1977) ("[T]he concept of work product is not confined to information or materials gathered or assembled by a lawyer."). The party asserting work-product protection as a bar to discovery carries the initial burden of proving a factual basis as to why the doctrine is applicable. *See In re Grand Jury Subpoena Duces Tecum,* 112 F.3d 910, 925 (8th Cir. 1997). That party "me[ets] its burden of providing a factual basis for asserting the privilege[] when it produce[s] a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit of its… counsel." Plaintiff's counsel has not done so, instead choosing to simply allege that "[s]ome of the emails, by Defendant's own admission[,] contain information between Plaintiff, Fred [Potter], and Fred [Potter's] attorney regarding the State Court litigation." (Doc. 42, ¶ 1). Potter has not met his burden. Thus, the Court will grant this motion.

## VI.    Conclusion

IT IS THEREFORE ORDERED that Plaintiff Allen Potter's motion to compel (Doc. 19) is GRANTED IN PART, to the extent that Defendant Cassaundra Holmes must produce the total amounts billed by and paid to any attorney representing her as trustee or individually as it relates to this lawsuit and the similar state court action, and must also produce the source of such payments.

IT IS FURTHER ORDRED that Potter's motion to disqualify counsel (Doc. 20) is DENIED.

IT IS FURTHER ORDERED that Holmes's motion for protective order (Doc. 25) is DENIED.

IT IS FURTHER ORDERED that Holmes's motion to exclude (Doc. 29) is DENIED.

IT IS FURTHER ORDERED that Holmes's motion to compel (Doc. 34) is GRANTED.

IT IS SO ORDERED this 14th day of October, 2016.

_/s/ P. K. Holmes, III_
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE